UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVON YOUNG, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-01041-SEB-DLP ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

On January 18, 2011, a jury found petitioner, Devon Young, guilty of one count of conspiracy to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Final judgment was entered on July 5, 2011. His conviction was affirmed on appeal. *United States v. Jones*, 763 F.3d 777 (7th Cir. 2014). Mr. Young's first motion for relief pursuant to 28 U.S.C. § 2255 was denied on March 30, 2018. *Young v. United States*, 1:15-cv-02013-SEB-TAB ("§ 2255 Dkt."), Dkt. 31. Now before the Court is Mr. Young's second motion for relief from his criminal conviction and sentence pursuant to 28 U.S.C. § 2255 and a motion to supplement. For the reasons that follow, Mr. Young's successive § 2255 motion is dismissed for lack of jurisdiction, and a Certificate of Appealability shall not issue.

### I. Treatment of Motion

In his criminal case, Mr. Young filed a document docketed as a "Motion to Reuse PSR" in which he asserts that he is entitled to re-sentencing. Crim. Dkt. 1444. He also filed a motion to correct error in which he also asserts that he is entitled to re-sentencing. Crim. Dkt. 1508. These motions were processed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255, and a motion to supplement, and this new civil action was opened. Crim. Dkt. 1516; Dkt. 1.

Title 28 U.S.C. § 2255(a) provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Thus, any motion challenging the conviction or sentence as described above *is* a § 2255 motion regardless of what title the petitioner uses. *Adams v. United States*, 911 F.3d 397, 404 (7th Cir. 2018); *Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case-whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram vobis or audita querela-may be treated as one under § 2255, because the caption on a document does not matter."); *United States v. Lloyd,* 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (citing *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004)).

## II. Dismissal of Motion

Rule 4(b) of *Rules Governing Section 2255 Proceedings for the United States District Courts* states:

If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id.* That is the case here.

Mr. Young seeks relief from his conviction in Criminal Case No. 1:10-cr-00003-SEB-DML-17 ("Crim. Dkt."). He does so after having previously challenged his conviction pursuant to 28 U.S.C. § 2255. *See Young v. United States*, 1:15-cv-02013-SEB-TAB. That action was decided on the merits and dismissed with prejudice. *See* § 2255 Dkt. 31; § 2255 Dkt. 32.

Because Mr. Young's current § 2255 motion is successive to his previous motion, and that motion was denied on the merits, the current motion must be summarily dismissed for lack of jurisdiction. The Seventh Circuit has explained:

> The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255. See 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "No matter how powerful a petitioner's showing, only [the appellate] court may authorize the commencement of a second or successive petition. ... From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

*Adams*, 911 F.3d at 403.

This action is therefore dismissed for lack of jurisdiction. Mr. Young's motion to supplement, dkt. [3], is **denied as moot**.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed** in Case No. 1:10-cr-00003-SEB-DML-17. The motion to vacate, Crim. Dkt. [1517], and motion to supplement, Crim. Dkt. [1518], shall also be **terminated** in the underlying criminal action.

### III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Young has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/7/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEVON YOUNG
23887-076
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432